MICHIGAN CENT. R. CO. (KUTER v.). See Case No. 7,955.

MICHIGAN CENT. R. CO. (MYRICK v.). See Case No. 10,001.

MICHIGAN CENT. R. CO. (NORTHERN INDIANA R. CO. v.). See Case No. 10,-321.

———

## Case No. 9,527.

### MICHIGAN CENT. R. CO. v. SLACK.

[Holmes, 231.] [1]

Circuit Court, D. Massachusetts. Aug., 1873.

INTERNAL REVENUE — PENALTY — FRAUDULENT OMISSION—SUM NOT LEGALLY TAXED—BY WHOM PENALTY DETERMINED.

1. The penalty of one hundred per cent on re-assessment of an internal revenue tax, under the act of March 2, 1867 (13 Stat. 480), for false and fraudulent omission of taxable property from the return to the assessor, cannot be lawfully collected, if the re-assessment includes a sum not legally taxed.

[1] [Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]

2. Under the act of March 2, 1867, it is a pre-requisite to the lawful collection of the penalty of one hundred per cent in addition to the internal revenue tax as re-assessed according to that act, for false and fraudulent omission from the return of taxable property, that the assessor should determine that the omission was false and fraudulent, and adjudge the penalty to have been incurred. A penalty added by the assessor only on the order of his superior officer, and not as the result of his own finding upon the facts, is not legally added, and cannot lawfully be collected.

Action [against Charles W. Slack] to recover an internal revenue tax, and penalty, assessed upon the plaintiff corporation, and paid under protest.

S. Bartlett and F. W. Palfrey, for plaintiff.
F. W. Hurd, for defendant.

SHEPLEY, Circuit Judge. The assessor of internal revenue for the third district in Massachusetts, in accordance with the provisions of the act of March 2, 1867 (13 Stat. 480), after a return had been made by the treasurer of the Michigan Central Railroad Company, re-assessed the company on sundry items not returned by them for assessment, and which, under advice of counsel, the treasurer had, in good faith apparently, supposed were not subject to the tax. There was no concealment on the part of the company or the treasurer, as the facts upon which the assessor made his re-assessment were obtained by him from the reports of the company, which were publicly printed and widely distributed.

After examining the items on which the re-assessment was made, I see no reason to doubt the legality of any of the items except the one of $1,722.93, assessed as tax on the surplus fund of the company for the year, after deducting operating expenses and interest account, and dividends, and contributions to the sinking fund, and other items properly to be deducted from the gross earnings, before determining the amount on hand as surplus earnings for the year. But, in arriving at the result, the assessor omitted to deduct the tax already paid by the company on passengers and mails. Deducting this amount, there would be no surplus beyond that on which the company had already paid the tax. The re-assessment was for $12,-772.09, which included the sum of $1,722.93 on surplus, for which the company was not legally liable on the re-assessment; and, by direction of the commissioner of internal revenue, an additional sum of $12,772.09 was assessed and collected, as a penalty for a false and fraudulent return. This penalty was illegally collected, for two reasons: First, the penalty is for the gross sum of $12,772.09, being one hundred per cent on $12,772.09, when $1,722.93 should be deducted, leaving only $11,049.16 to be re-assessed, and a like sum to be added as penalty; namely, a penalty of $11,049.16, instead of a penalty of $12,772.09. The penalty being in one sum, and bad in part, is bad in the whole.

Second, the evidence shows that the assessor did not determine that the omission ·was false and fraudulent, and therefore adjudge the penalty to have been incurred. He added the penalty only on the order of his superior officer, and not as the result of his own finding upon the facts of the case. He appears to have arrived at the conclusion that the omission was not false and fraudulent; and I see no reason to doubt the correctness of his conclusion. The act of adjudging the omission to have been false and fraudulent was a quasi judicial act, to be performed by the assessor himself; and as he never so adjudged it, but only added the penalty under orders from his superior officer, the penalty was not legally added, and was not collected by authority of law. Judgment for the plaintiff for the two sums of $12,772.09 and $1,722.93, with interest from the date of payment.

[For a similar case between the same parties, see Case No. 9,527a.]